UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEYSTONE WARRIORS,<br><br>        Plaintiff,<br><br>v.<br><br>GODADDY INC. AND GODADDY.COM, LLC,<br><br>        Defendants. | Civil Action No.: |

### NOTICE OF REMOVAL

Defendants GoDaddy Inc. and GoDaddy.com, LLC ("GoDaddy"), by and through undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. § 1441 and remove this action from the Court of Common Pleas of Berks County, Pennsylvania, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. GoDaddy, in support thereof, avers as follows:

1. Plaintiff Keystone Warriors brought a civil action against GoDaddy, which is pending in the Court of Common Pleas of Berks County. A true and correct copy of the Complaint is attached hereto as Exhibit A.

### Allegations in the Complaint

2. Plaintiff brings claims against GoDaddy for breach of contract (Count I), a violation of the Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S. § 201.2(4) (Count II), and the Stored Communications Act, 18 U.S.C. § 2701 (Count III).

3. Plaintiff's claims are based on its allegations that GoDaddy charged Plaintiff for services it did not need or authorize and that GoDaddy either failed to retain emails sent and

received from the email address boyd@keystonewarriors.com or otherwise failed to keep them safe from unauthorized access or destruction. See Complaint at ¶¶ 6-27.

4. GoDaddy has not filed any pleadings in response to the Complaint.

### This Court Has Federal Question Jurisdiction

5. Removal is proper pursuant to 28 U.S.C. § 1441(a) because the Complaint is within this Court's original jurisdiction under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdictions of all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Here, Plaintiff has asserted in its Complaint a cause of action arising under the Stored Communications Act, 18 U.S.C. § 2701. Accordingly, Plaintiff has asserted a claim "arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over all other claims asserted by Plaintiff, pursuant to 28 U.S.C. § 1367(a) and 28 U.S.C. § 1441(c). When a defendant removes a lawsuit that joins federal and state law claims, the district court may exercise supplemental jurisdiction over the state law claims if those claims "form part of the same case or controversy." 28 U.S.C. § 1367(a). Here, Plaintiff's federal and state claims both arise from its allegations that GoDaddy charged Plaintiff for services it did not need or authorize, and that GoDaddy either failed to retain emails sent and received from the email address boyd@keystonewarriors.com, or otherwise failed to keep them safe from unauthorized access or destruction. See Complaint at ¶¶ 6-27. Accordingly, supplemental jurisdiction is appropriate.

### Removal Is Timely

8. Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because GoDaddy filed this notice within thirty days of its receipt of the Complaint.

9.    Plaintiff Keystone Warriors filed its Complaint on May 25, 2018, and GoDaddy received the Complaint that same day. GoDaddy therefore had until June 24, 2018 to file a notice of removal. On June 14, 2018, GoDaddy filed this notice of removal.

### This Court Is The Appropriate Court For Removal

10.    Removal to this Court is proper pursuant to 28 U.S.C. § 1446(a) because Plaintiff filed its Complaint in the Court of Common Pleas of Berks County, Pennsylvania, and the United States District Court for the Eastern District of Pennsylvania encompasses Berks County.

WHEREFORE, Defendants GoDaddy Inc. and GoDaddy.com, LLC respectfully request that this action be removed from the Court of Common Pleas of Berks County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

COZEN O'CONNOR

By: _____
Jeffrey M. Monhait
PA Supreme Court I.D. # 314104
Harper S. Seldin
PA Supreme Court I.D. # 318455
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel:  215-665-2084
Tel:  215-665-5590
Email: jmonhait@cozen.com
Email: hseldin@cozen.com
Fax:  215-989-4182
Attorneys for Defendants GoDaddy Inc. and GoDaddy.com, LLC

Dated:   June 14, 2018

## CERTIFICATE OF SERVICE

I certify that on June 14, 2018, I served a true and correct copy of this Notice of Removal via electronic mail and U.S. mail, first class, postage prepaid, on the following parties:

David W. Crossett, Esq.
Cornerstone Law Firm, LLC
8500 Allentown Pike, Suite 3
Blandon, PA 19510
david@cornerstonelaw.us
*Counsel for Plaintiff Keystone Warriors*

BY: _____
Jeffrey M. Monhait

# Exhibit A

Received County of Berks Prothonotary's Office on 05/25/2018 2:59 PM Prothonotary Docket No. 17-20071

**CORNERSTONE LAW FIRM, LLC**
DAVID W. CROSSETT, ESQUIRE
Attorney I.D. #313031
8500 Allentown Pike, Suite 3
Blandon, PA 19510
610-926-7875
484-930-0054 (fax)
*Counsel for Plaintiff*

| | |
|---|---|
| KEYSTONE WARRIORS, <br> Plaintiff, <br> <br> v. <br> <br> GODADDY INC., and <br> GODADDY.COM, LLC, <br> Defendants. | IN THE COURT OF COMMON PLEAS <br> BERKS COUNTY, PENNSYLVANIA <br> CIVIL ACTION <br> <br> No. 17-20071 <br> <br> <br> <br> Assigned to Judge Madelyn Fudeman |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyers' Referral Service of the
Berks County Bar Association
544 Court Street
Reading, Pennsylvania 19601
Telephone (610)375-4591
www.BerksBar.org

## NOTIFICACIÓN PARA DEFENDERSE

Le han demandado a usted en el tribunal. Si usted quiere defenderse de las demandas expuestas en las páginas siguientes, usted debe tomar acción en el plazo de veinte (20) días a partir de la fecha en que se le hizo entrega de la demanda y la notificación, al interponer una comparecencia escrita, en persona o por un abogado y registrando por escrito en el tribunal sus defensas o sus objeciones a las demandas en contra de su persona. Se le advierte que si usted no lo hace, el caso puede proceder sin usted y podría dictarse un fallo por el juez en contra suya sin notificación adicional y podría ser por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio en la demanda solicitado por el demandante. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

USTED DEBE LLEVARLE ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O NO PUEDE CORRER CON LOS GASTOS DE UNO, VAYA O LLAME POR TELEFONO A LA OFICINA EXPUESTA ABAJO. ESTA OFICINA PUEDE POVEERLE INFORMACION RESPECTO A COMO CONTRATAR A UN ABOGADO.

SI NO PUEDE CORRER CON LOS GASTOS PARA CONTRATAR A UN ABOGADO, ESTA OFICINA PUDIERA PROVEERLE INFORMACION RESPECTO A INSTITUCIONES QUE PUEDAN OFRECER SERVICIOS LEGALES A PERSONAS QUE CALIFICAN PARA LA REDUCCION DE HONORARIOS O QUE NO TENGAN QUE PAGAR HONORARIOS.

Servicio de Recomendación para Contratar Abogados
del Colegio de Abogados del Condado Berks
544 Court Street
Reading, Pennsylvania 19601
Teléfono (610) 375-4591
www.BerksBar.org

Received County of Berks Prothonotary's Office on 05/25/2018 2:59 PM Prothonotary Docket No. 17-20071

CORNERSTONE LAW FIRM, LLC
DAVID W. CROSSETT, ESQUIRE
Attorney I.D. #313031
8500 Allentown Pike, Suite 3
Blandon, PA 19510
610-926-7875
484-930-0054 (fax)
*Counsel for Plaintiff*

| KEYSTONE WARRIORS, Plaintiff, v. GODADDY INC., and GODADDY.COM, LLC, Defendants. | : : : : : : : : : | IN THE COURT OF COMMON PLEAS BERKS COUNTY, PENNSYLVANIA CIVIL ACTION No. 17-20071 Assigned to Judge Madelyn Fudeman |
|---|---|---|

Received County of Berks Prothonotary's Office on 05/25/2018 2:59 PM Prothonotary Docket No. 17-20071

## PLAINTIFF'S COMPLAINT

1. The total amount of damages claimed is in excess of fifty thousand dollars ($50,000.00).

2. Venue is proper in this Court of Berks County because the causes of action arose in Berks County as the contract was made in Berks County, Pennsylvania.

3. Plaintiff, Keystone Warriors, is a Pennsylvania Non-profit Corporation with a principal place of business in Berks County, Pennsylvania.

4. This matter was initiated by Writ of Summons filed on or about November 16, 2017.

5. Defendants are GoDaddy, Inc. and GoDaddy.com, LLC (collectively, "GoDaddy") and are believed to be headquartered in Scottsdale, Arizona.

6. Upon information and belief, on or about September 23, 2011, Keystone Warriors entered into an oral agreement with GoDaddy in which GoDaddy would provide email hosting service in exchange for payment.

7. Upon information and belief, since 2011, Keystone Warriors and GoDaddy have entered into numerous subsequent oral agreements and have modified the scope of services to be provided by GoDaddy.

8. Under the agreements between the parties, GoDaddy had a duty to provide to Keystone Warriors internet domain services and email services under account number 46626927 (the "Services").

9. Keystone Warriors has fulfilled all its duties under the agreement by paying GoDaddy for the services.

10. Upon information and belief, the agents of Keystone Warriors authorized to enter into contracts with GoDaddy are limited to Paul Spurgin and Mike Donatacci.

11. Upon information and belief, Boyd Kahler has never been an agent authorized to contract on behalf of Keystone Warriors and he had no apparent authority to do the same.

12. Upon information and belief, in 2016, GoDaddy solicited Keystone Warriors for the sale of Office 365 Email Essentials and that the same was done by telephone without first clearly, affirmatively and expressly stating that the nature of Office 365 Email Essentials.

13. Upon information and belief, since 2016, without valid authorization from Keystone Warriors, GoDaddy has charged Keystone Warriors for services related to Office 365 Email Essentials that Keystone Warriors never properly authorized and that Keystone Warriors did not need.

14. Upon information and belief, without valid authorization from Keystone Warriors, GoDaddy, by invoice dated October 28, 2016, has charged Keystone Warriors for service to email addresses that were never authorized by authorized agents of Keystone Warriors.

Received County of Berks Prothonotary's Office on 05/25/2018 2:59 PM Prothonotary Docket No. 17-20071

15. On or about July 2016, Keystone Warriors discovered that all the emails associated with boyd@keystonewarriors.com were apparently deleted.

16. On or about July 26, 2016 an authorized agent of Keystone Warriors contacted GoDaddy regarding the missing emails and was told by GoDaddy's authorized agent that GoDaddy could restore the emails as long as the same was requested within 14 days of their removal and GoDaddy had a duty to do the same.

17. Upon information and belief, on or about July 26, 2016, an authorized agent of Keystone Warriors requested that GoDaddy restore the missing emails but was then told that GoDaddy could not restore the emails.

18. The email address of boyd@keystonewarriors.com is the property of Keystone Warriors.

19. Upon information and belief, the email at boyd@keystonewarriors.com is hosted by GoDaddy and/or kept on its servers and that such hosting/storage is part of the duty that GoDaddy is obligated to perform under the agreement.

20. GoDaddy had a duty to keep the emails sent and received from boyd@keystonewarriors.com safe from unauthorized access and destruction.

21. Upon information and belief, GoDaddy failed to keep the emails sent and received from boyd@keystonewarriors.com safe from unauthorized access and destruction.

22. Upon information and belief, some individual or entity other than the authorized agents of Keystone Warriors deleted the emails sent and received from boyd@keystonewarriors.com.

Received County of Berks Prothonotary's Office on 05/25/2018 2:59 PM Prothonotary Docket No. 17-20071

3

23. Upon information and belief, GoDaddy has failed to take adequate steps to prevent an unauthorized third party from hacking into the emails sent and received from boyd@keystonewarriors.com and deleting the same, or, in the alternative, GoDaddy's own agent destroyed such emails or transferred the same to a third party without authorization.

24. GoDaddy has refused to provide Keystone Warriors with the emails—first saying that it would if the same were requested within fourteen days, and then saying that it could not as the emails may have been deleted by GoDaddy or transferred to a third party.

25. Since July 26, 2016 Keystone Warriors has been unable to access the emails associated with boyd@keystonewarriors.com.

26. GoDaddy has failed and refused, and still refuses, to cure the aforesaid breaches, despite Keystone Warriors' repeated demand.

27. The reasonable cost of remedying the aforesaid breaches is in excess of $50,000.

### COUNT I – BREACH OF CONTRACT
### Plaintiff v. All Defendants

28. Plaintiff hereby incorporates by reference each and every one of the averments contained in the above paragraphs as though the same were set forth herein at length.

29. The agreement between the parties formed a valid contract.

30. Defendant breached the contract in the aforementioned ways.

31. The aforesaid breaches of GoDaddy have caused damage to Keystone Warriors for which Keystone Warriors is legally entitled to recover from GoDaddy under Pennsylvania law.

WHEREFORE, Plaintiff, Keystone Warriors, hereby respectfully requests that this Honorable Court enter judgment in its favor and against the Defendants, jointly and severally in

4

Received County of Berks Prothonotary's Office on 05/25/2018 2:59 PM Prothonotary Docket No. 17-20071

an amount in excess of fifty thousand dollars ($50,000.00), plus interest, costs, and any such further relief as this Court deems fit and just.

## COUNT II – UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### Plaintiff v. All Defendants

32. Plaintiff hereby incorporates by reference each and every one of the averments contained in the above paragraphs as though the same were set forth herein at length.

33. The conduct of the Defendants constitutes unfair or deceptive acts or practices within meaning of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. § 201.2(4):

   a. In selling to Plaintiff the service of Office 365 Email Essentials and in knowingly misrepresenting that such services was needed when they were not needed by Keystone Warriors; and

   b. In making solicitations for sales of goods or services over the telephone without first clearly, affirmatively and expressly stating the nature of Office 365 Email Essentials.

34. Under the UTPCPL, Plaintiff is entitled to recover up to three times the actual damages caused by Defendants' improper conduct as well as reasonable attorneys' fees.

35. Plaintiff's actual damages consist of all the damages described in the preceding paragraphs of this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for damages in an amount in excess of $50,000, exclusive of interest and costs and attorneys' fees.

Received County of Berks Prothonotary's Office on 05/25/2018 2:59 PM Prothonotary Docket No. 17-20071

## COUNT III – STORED COMMUNICATIONS ACT
### Plaintiff v. All Defendants

36. Plaintiff hereby incorporates by reference each and every one of the averments contained in the above paragraphs as though the same were set forth herein at length.

37. GoDaddy provides electronic communication service to the public.

38. GoDaddy's actions as set forth above in knowingly deleting or permitting an unauthorized third party to access and then delete Keystone Warriors' emails is in violation of the Stored Communications Act, 18 U.S.C. 2701, et seq. ("SCA").

39. Under section 2707 of the SCA, Plaintiff is entitled to maintain a civil action and to recover damages as well as reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for damages in an amount in excess of $50,000, exclusive of interest and costs and attorneys' fees.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: 5/25/2018

By: /s/ David W. Crossett
David W. Crossett, Esquire
Attorney I.D. #313031
8500 Allentown Pike
Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Plaintiff*

Received County of Berks Prothonotary's Office on 05/25/2018 2:59 PM Prothonotary Docket No. 17-20071

## VERIFICATION

I, Paul Spurgin, authorized agent of Keystone Warrios, verify that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by counsel in the preparation of the within action in ejectment. The language of the Complaint is that of counsel. I have read the attached Complaint and to the extent that it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the attached Complaint is that of counsel, I have relied upon counsel in making this verification. I understand that false statements herein are made subject to the penalties of law found in 18 Pa.C.S. § 4904.

KEYSTONE WARRIORS

Date: 05/25/2018

By: _____
Paul Spurgin

**CORNERSTONE LAW FIRM, LLC**
DAVID W. CROSSETT, ESQUIRE
Attorney I.D. #313031
8500 Allentown Pike, Suite 3
Blandon, PA 19510
610-926-7875
484-930-0054 (fax)
*Counsel for Plaintiff*

| | |
|---|---|
| KEYSTONE WARRIORS, <br> Plaintiff, <br> <br> v. <br> <br> GODADDY INC., and <br> GODADDY.COM, LLC, <br> Defendants. | IN THE COURT OF COMMON PLEAS <br> BERKS COUNTY, PENNSYLVANIA <br> CIVIL ACTION <br> <br> No. 17-20071 <br> <br> <br> Assigned to Judge Madelyn Fudeman |

### CERTIFICATE OF SERVICE

I, Valerie Kramer, Paralegal, certify that on the 25th day of May, 2018, I served a true and correct copy of the within Plaintiff's Complaint and this Certificate of Service addressed as follows:

Jeffrey Monhait, Esquire
COZEN O'CONNOR
One Liberty Place
1650 Market Place
Suite 2800
Philadelphia, PA 19103

by depositing copies thereof in the United States Mail, first class, postage prepaid.

*/s/ Valerie Kramer*
Valerie Kramer

Received County of Berks Prothonotary's Office on 05/25/2018 2:59 PM Prothonotary Docket No. 17-20071